UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES PESCI, ) | CASE NO. 1:13 CV 002 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE AUTHORITY, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On January 2, 2013, petitioner *pro se* James Pesci filed the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241. Pesci, who had multiple convictions in the Cuyahoga and Lake County Courts of Common Pleas for burglary and receiving stolen property in 2000 and 2001, is currently under Adult Parole Authority post-release control. For the reasons stated below, this action is dismissed.

As grounds for the petition, Pesci asserts: 1) his guilty plea, sentence and convictions in the Cuyahoga County Court of Common Pleas - Case Nos. CR-370751, CR-370752 and CR-364532 - are void because he was not informed of the possibility of a post-release control component to the sentence; and, 2) he was sentenced by the Lake County Court of Common Pleas in Case No. 98-CR-000578 to a greater period than authorized by law.

As a threshold matter, this is at least the second habeas petition filed by Pesci in this court challenging the Cuyahoga County convictions. The previous case, *Pesci v. Gansheimer*, N.D. Ohio Case No. 1:03 CV 1795 (J. Wells), was dismissed on the merits on October 7, 2003.[1] A second or

---

[1] The United States Court of Appeals for the Sixth Circuit denied a certificate of
(continued...)

successive motion under section 2254 may not be filed without leave from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3).[2] Further, post-release control was not imposed upon Pesci by the Cuyahoga County Court of Common Pleas, so any failure to advise him of the prospect of it provides no basis to invalidate his plea, convictions or sentence. *See State v. Pesci*, No. 94904, 2011 WL 826351 (Cuy. App. Mar. 10, 2011).

This is also the second habeas petition filed by Pesci in this court challenging his Lake County burglary convictions. The previous case, *Pesci v. Gansheimer*, N.D. Ohio Case No. 1:03 CV 1796 (J. O'Malley), was also dismissed on the merits, on February 3, 2005. While Pesci was resentenced in the Lake County case in 2011 to correct a clerical error in the journal entry concerning post-release control, the error did not have any substantive consequences. *See State v. Pesci*, No. 2011-L-096, 2012 WL 3553403 (Lake App. Aug. 20, 2012). Furthermore, to the extent he now seeks to raise issues he could have raised in the previous petition, he would need leave from the circuit court of appeals to do so. *Lang v. United States*, 474 F.3d 348, 351-53 (6th Cir. 2007).

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

March 8, 2013

---

[1](...continued)
appealability on April 8, 2004. *Pesci v. Gansheimer,* Sixth Cir. No. 03-4366.

[2] Although Pesci premises the petition in this case on 28 U.S.C. § 2241, he may not avoid the requirement to obtain leave from the circuit court of appeals to file a second petition challenging the same state court convictions. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. Nov. 9, 2006).